IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LI COBIAN,<br><br>                  Plaintiff,<br><br>    vs.<br><br>DEPARTMENT OF LAND AND<br>NATURAL RESOURCES (DLNR)<br>LAND DIVISION; RUSSELL TSUJI,<br>ADMINISTRATOR; BARRY W.<br>CHEUNG, LAND AGENT,<br><br>                  Defendants. | CIV. NO. 16-00430 JMS-RLP<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS COMPLAINT, ECF<br>NO. 11 |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT, ECF NO. 11

### I.  INTRODUCTION

Plaintiff Li Cobian ("Plaintiff"), proceeding pro se, filed this action against Defendants State of Hawaii Department of Land and Natural Resources ("DLNR") Land Division; Russell Tsuji ("Tsuji"), DLNR Administrator; and Barry W. Cheung ("Cheung"), DLNR Land Agent (collectively, "Defendants"), seeking injunctive relief requiring Defendants to cancel a revocable use permit issued by the State of Hawaii Board of Land and Natural Resources ("BLNR") to Hawaii Motorsports Association Inc. ("HMA").  Currently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint.  ECF No. 11.  Defendants

contend, in part, that Plaintiff's Complaint fails to assert federal subject matter jurisdiction.  For the reasons discussed below, the court agrees that Plaintiff has failed to allege federal subject matter jurisdiction and therefore, GRANTS Defendant's Motion without leave to amend.[1]

## II. **BACKGROUND**

### A.    **Factual Background**

As alleged in the Complaint, on March 29, 2010 and pursuant to Hawaii Revised Statute ("HRS") § 171-55, the BLNR issued a revocable permit to HMA to occupy and use a parcel of state land for motorcycle and trail bike riding. ECF No. 1, Compl. ¶ III.B; ECF No. 1-4, Pl.'s Ex. 4.  Under this permit, HMA operates the Kahuku Motocross Track Park ("KMTP").  ECF No. 1, Compl. ¶ III.B.  The Complaint further alleges that HMA "officers and special 'insiders'" have violated federal tax regulations, specifically, 26 C.F.R. §§ 53.4958-0 through 53.4958-8 concerning inurement, excessive private benefits, and insider business practices as applied to a 26 U.S.C. § 501(c)(7) non-profit entity.  ECF No. 1, Compl. ¶¶ II, IV.  The Complaint includes additional allegations that HMA mismanages KMTP and that "comments and questions by park members regarding mis-management (sic) and unethical business practices . . . have been received with

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

non-civil intimidating threats, violent responses, physical altercations[, and] expulsion from the Park."  *Id.* ¶ IV.

In an effort to obtain "justice for law abiding tax payers and the community's best interests," Plaintiff seeks injunctive relief directing Defendants to (1) require that BLNR permittees comply with federal tax regulations, (2) review HMA's business practices "with regard to" federal tax regulations, and (3) revoke HMA's permit for non-compliance.  *Id.* ¶¶ II., III.A., III.B.  Stated differently, by this action, Plaintiff seeks to require that "the Landlord (Defendant[s]) makes a reasonable responsible effort and attempt to ensure that future entities (Permittees) acquiring such 'Revocable Permits' manage the park with accountability and civil professionalism" so that the "Park is a benefit to the Community" and is not operated in manner that "privately benefit[s] a select few through intimidation and threats."  *Id.* ¶ V.

**B.     Procedural Background**

Plaintiff filed his Complaint on August 3, 2016.  ECF No. 1.  On September 6, 2016, Defendants filed the instant Motion.  ECF No. 11.  Plaintiff filed his Objection on October 7, 2016, ECF No. 17, and on October 17, 2016, Defendants filed their Reply, ECF No. 18.

///

///

## III.  STANDARDS OF REVIEW

**A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most

favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036. 1039 n.2 (9th Cir. 2003).

## B.      Pro Se Pleadings

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## IV.  DISCUSSION

Plaintiff asserts federal question subject matter jurisdiction based on allegations that HMA, a non-party, has violated federal tax laws and regulations:

> Injunction request of complaint is based on a Federal
> Question and on the grounds of Federal Statute
> jurisdiction and rules under IRS CFR-2016-title 26-vol9-
> sec 1-501(c)(7).  Regarding "Excessive Private Benefits",
> "Inurement" and "Insider" activity as prohibited within
> the Private Benefit Doctrine rules prohibiting excess
> benefit transactions in accordance and contained in the
> Code of Federal Regulations, Title 26, sections
> 53.4958-0 through 53.4958-8.

ECF No. 1, Compl. ¶ II.

As explained below, because Plaintiff's claim does not arise under federal law, the court lacks subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction," possessing "'only that power authorized by Constitution and statute.'" *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)); *see* U.S. Const. art. III, § 2, cl. 1.  Congress has authorized federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2]

In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.  *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989);

---

[2] Congress also authorized diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Plaintiff does not assert diversity jurisdiction, nor could he, as Plaintiff and Defendants all appear to be Hawaii citizens.

*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Further, "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citations omitted).

"For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). The "vast bulk of suits that arise under federal law" are those where "federal law creates the cause of action asserted." *Id.* The second and far "less frequently encountered" category of federal question jurisdiction cases are those asserting state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Alonso v. Blount, Inc.*, 2016 WL 4251569, at *3 (C.D. Cal. Aug. 10, 2016) (citing *Gunn*, 133 S. Ct. at 1064-65). *Gunn* clarifies that under this second category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 133 S. Ct. at

1065.  Failure to meet any one of these four requirements precludes federal jurisdiction.  *Id.*

Plaintiff's Complaint neither asserts a claim that is created by federal law nor otherwise necessarily raises a federal issue.  First, the federal tax law and regulations upon which Plaintiff relies do not create a private cause of action for enforcement by either Plaintiff or Defendants.  *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978) ("The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code.  26 U.S.C. §§ 7801 and 7802."); *see also Hernandez v. Doe*, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016) ("Federal courts have consistently refused to imply a private cause of action under the tax laws.").

Second, Plaintiff's state law claim does not "necessarily raise" a federal issue.  Rather, the Complaint asserts a dispute between Plaintiff and Defendants regarding Defendants/BLNR's implementation and administration of state law governing revocable land use permits.  Although the basis of Plaintiff's dissatisfaction with the implementation and administration of state land use permit law stems from allegations that HMA -- a non-governmental permittee -- has violated federal tax regulations, the issue of whether or not HMA has complied with federal tax regulations is not a "necessary" element of Plaintiff's claim.  "[A]

8

complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

> Here, HRS § 171-55 provides that the BLNR:
>
> > may issue permits for the temporary occupancy of state lands or an interest therein on a month-to-month basis . . . under conditions and rent which will serve the best interests of the State, subject, however, to those restrictions as may from time to time be expressly imposed by the board. A permit on a month-to-month basis may continue for a period not to exceed one year from the date of its issuance; provided that the board may allow the permit to continue on a month-to-month basis for additional one year periods.

HMA's compliance or non-compliance with federal tax regulations is not "necessary" to Plaintiff's claim for revocation of a revocable permit issued pursuant to HRS § 171-55. Nor does the Complaint allege any other facts that would raise a federal issue in connection with Defendants/BLNR's implementation and administration of § 171-55. Moreover, the Complaint fails to identify any other authority under which the issue of HMA's compliance or non-compliance with federal tax regulations is necessarily raised.

In sum, Plaintiff has failed to establish that his claim arises under federal law.  Accordingly, the court lacks subject matter jurisdiction over this action.[3]

The court recognizes that Plaintiff is proceeding pro se and as such is generally "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*, 66 F.3d at 248; *see also Crowley*, 734 F.3d at 977-78.  However, this is a rare case where there is absolutely no way for Plaintiff to obtain the relief he seeks in this court based on the claim asserted. In other words, no amendment could cure the defects of his Complaint -- no additional facts could transform his state law claim for injunctive relief into a claim arising under federal law.[4]  Thus, granting leave to amend would be futile.

///

///

---

[3]  Moreover, the Eleventh Amendment to the United States Constitution generally bars suits in federal court against a State, its agencies, and officials sued in their official capacity. U.S. Const. amend. XI; *see Papasan v. Allain*, 478 U.S. 265, 275 (1986).  An exception to such immunity is provided under *Ex parte Young*, 209 U.S. 123, 159-60 (1908), which held that the Eleventh Amendment does not bar suits to enjoin the unconstitutional actions of a state official. The Supreme Court has limited *Ex parte Young* to suits for prospective relief against ongoing violations of federal law.  *Papasan*, 478 U.S. at 277-78.  Here, however, the Complaint does not allege that Tsuji or Cheung violated federal law.  Thus, Plaintiff's reliance on *Ex parte Young* to obtain injunctive relief is misplaced.

[4]  Any claim pursuant to 42 U.S.C. § 1983 would fail -- § 1983 requires a plaintiff "to demonstrate a violation of federal law, not state law." *Galen v. City of L.A.*, 477 F.3d 652, 662 (9th Cir. 2007).  Here, the State's failure to revoke a permit under state law doesn't raise any viable or plausible federal claims.  At most, Plaintiff alleges that HMA (a private entity) may be violating federal tax regulations.

## V.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Defendants' Motion to Dismiss Complaint without leave to amend.  The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 18, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Cobian v. DLNR, et al.*, Civ. No. 16-00430 JMS-RLP, Order Granting Defendants' Motion To Dismiss Complaint, ECF No. 11